14-4338-cv
Hatemi v. M & T Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

-----------------------------------------------------------------------

LACHIN HATEMI,

*Plaintiff-Appellee*,

v.                                                     No. 14-4338-cv

M & T BANK,

*Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        ROBERT J. LANE, JR., Hodgson Russ LLP, Buffalo, New York.

APPEARING FOR APPELLEE:        ANDRE F. REGARD (Barbara J. Hart, David Harrison, Scott V. Papp, Lowey Dannenberg Cohen & Hart, P.C., White Plains, New York, *on the brief*), Regard Law Group, PLLC, Lexington, Kentucky.

1

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*; Hugh B. Scott, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on October 22, 2014, is VACATED and REMANDED.

Defendant M & T Bank ("M&T") appeals from the district court's denial of its motion to compel arbitration and to dismiss the complaint of plaintiff Lachin Hatemi, who alleges that he was improperly subscribed to M&T's overdraft protection plan and assessed fees thereunder. See 9 U.S.C. § 16(a)(1)(B) (allowing interlocutory appeal of denial of motion to compel arbitration). "We review de novo a district court's denial of a motion to compel arbitration. . . . However, the findings upon which that conclusion is based are factual and thus may not be overturned unless clearly erroneous." Harrington v. Atl. Sounding Co., 602 F.3d 113, 119 (2d Cir. 2010) (alterations and internal quotation marks omitted). In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

We first look to the existence of an arbitration clause. See Specht v. Netscape Commc'ns Corp., 306 F.3d 17, 26 (2d Cir. 2002) ("It is well settled that a court may not compel arbitration until it has resolved 'the question of the very existence' of the contract embodying the arbitration clause." (quoting Interocean Shipping Co. v. Nat'l Shipping &

2

<u>Trading Corp.</u>, 462 F.2d 673, 676 (2d Cir. 1972))). It is uncontested that, upon opening an account with M&T, Hatemi signed an agreement (the "Account Agreement") containing the following arbitration clause:

> Each dispute or controversy that arises out of or is related to your account with us, or any service we provide in connection with your account, or any matter relating to your or our rights and obligations provided for in this agreement or any other agreement between you and us relating to your account or a service provided by us in connection with your account, whether based on statute, contract, tort, fraud, misrepresentation or any other legal or equitable theory, including any claim for interest and attorney's fees, where applicable (any "Claim") must be determined on an individual basis by binding arbitration in accordance with the Federal Arbitration Act ("FAA"—Title 9 of the United States Code) under the auspices of the American Arbitration Association ("AAA").

J.A. 47. The agreement therefore mandates the determination by arbitration of any disputes or controversies arising out of or related to (1) Hatemi's account; (2) any service provided by M&T in connection with Hatemi's account; (3) any matter relating to Hatemi's or M&T's obligations provided for in the Account Agreement; or (4) any matter relating to Hatemi's or M&T's obligations provided for in any other agreement relating to his account.

Absent any dispute over the existence of this arbitration agreement,[1] we "then consider whether the dispute falls within the scope of the arbitration agreement." <u>Specht v. Netscape Commc'ns Corp.</u>, 306 F.3d at 26. Hatemi argues that there is a factual dispute as to (1) whether any valid overdraft protection agreement exists or was signed by him and,

---

[1] Hatemi contests the existence of a separate overdraft protection agreement, <u>see</u> Appellee's Br. 12–13, but that is not "the contract embodying the arbitration clause," <u>Specht v. Netscape Commc'ns Corp.</u>, 306 F.3d at 26.

3

if so, (2) whether it was incorporated into the Account Agreement containing the arbitration clause. These arguments put the cart before the horse. Without affirmative opt-in, the existence or propriety of any overdraft protection agreement is indeed a factual issue, but it does not affect the validity of the Account Agreement's arbitration clause or its application to each dispute or controversy related to Hatemi's M&T account or any service provided in connection with that account. See J.A. 47. Because the issues of overdraft protection and accompanying fees are indisputably related to Hatemi's account and to a service provided in connection with his account, which results in a fee obligation connected to the account, the Account Agreement's arbitration clause extends to the instant dispute regardless of whether the disputed overdraft protection agreement is incorporated into the Account Agreement or even exists. See Lloyd v. J.P. Morgan Chase & Co., 791 F.3d 265, 270 (2d Cir. 2015) ("Construction of an arbitration agreement is a matter of contract interpretation, and 'as with any other contract, the parties' intentions control.'" (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010))); see also Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 20 (2d Cir. 1995) (holding that clause submitting to arbitration "any claim or controversy arising out of or relating to the agreement" is "paradigm of a broad clause" and thus establish presumption of arbitrability (internal quotation marks omitted)). The district court therefore erred in denying M&T's motion to compel arbitration. To be sure, in such arbitration, factual disputes as to the existence or terms of any overdraft protection and fee obligations can be raised and resolved. Cf. Denney v. BDO Seidman, L.L.P., 412 F.3d 58, 69 (2d Cir. 2005)

4

(recognizing that where there is broad arbitration clause "presumption of arbitrability attaches such that arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it" (internal quotation marks omitted)).

*       *       *       *

We have considered Hatemi's remaining arguments and we conclude that they are without merit.   Accordingly, the judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court